DELTA LAW GROUP
A PROFESSIONAL LAW CORPORATION
JIM G. PRICE, ESQ., SBN 119324
6569 BRENTWOOD BOULEVARD
P.O. BOX 1417
BRENTWOOD, CA  94513
TELEPHONE:  925-516-4686
FACSIMILE:  925-516-4058
EMAIL:  deltalawgroup@yahoo.com

Attorneys for Plaintiff
PAMELA PHILLIPS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA PHILLIPS, an individual, | Case No. |
| Plaintiff, | **VERIFIED COMPLAINT FOR DAMAGES** |
| v. | **JURY TRIAL DEMANDED** |
| JPMORGAN CHASE BANK, N.A., | |
| Defendant. | |

## I. INTRODUCTION

1.   Defendant made repeated telephone calls to Plaintiff's cellular telephone, in connection with an attempt to collect a debt and without her consent, including calling her numerous times in one day.

2.   Defendant used automated dialing systems, and pre-recorded messages to telephone Plaintiff's cellular phones in

violation of the Telephone Consumer Protection Act, and the Rosenthal Fair Debt Collection Practices Act.

3. Plaintiff suffered physical and emotional injury, including severe and substantial emotional distress, and actual damages including but not limited to, anxiety, emotional distress, stress, frustration, loss of concentration, amongst other injuries.

4. This is an action for damages brought by a consumer to redress the Defendant's violations of California's Rosenthal Fair Debt Collection Practices Act, Civil Code Section 1788 et seq. (hereinafter, "state act"), and related common law claims, which prohibit debt collectors from engaging in abusive, deceptive and unfair practices in their collection of consumer debts. In 2000, the California legislature incorporated most of the Federal Fair Debt Collection Practices Act (15 U.S.C. § 1692, et seq.) into the California FDCPA. See Civil Code §1788.17.

5. According to 15 U.S.C. § 1692:

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

///

///

## II. JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

7. Plaintiff PAMELA PHILLIPS (hereinafter "Plaintiff") is a natural person residing in Contra Costa County in the State of California.

8. On information and belief, Defendant JPMORGAN CHASE BANK, N.A. is a foreign business corporation doing business in California (hereinafter "CHASE"). CHASE, in the ordinary course of business, regularly attempts to collect debts on its own behalf.

9. Defendant CHASE is a "debt collector" as defined by California Civil Code § 1788.2.

10. At all times mentioned herein, Defendants was acting within the course and scope of such agency or employment. The Defendant is liable to the Plaintiff for its conduct. Defendant approved, authorized and/or ratified the wrongful acts and omissions herein.

11.   Any reference hereinafter to "Defendant" or "CHASE", without further qualification, is meant by Plaintiff to refer to such Defendant named above.

### IV.   FIRST CAUSE OF ACTION – ROSENTHAL FDCPA

12.   Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

13.   The foregoing acts and omissions by this Defendant with respect to Plaintiff in its attempt to collect a consumer debt from Plaintiff constitutes numerous and multiple unfair, deceptive, misleading practices made unlawful pursuant to the California Rosenthal Fair Debt Collection Practices Act, including but not limited to Civil Code §§ 1788-1788.32, including §§ 1788.11(d), 1788.11(e), and 1788.17 by violating 15 U.S.C. §§ 1692b(2) and (3), 1692d and d(5), 1692e and e(5), and 1692f.

14.   Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs.

### V.   SECOND CAUSE OF ACTION – INTRUSION UPON SECLUSION

15.   Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

16. The foregoing acts of Defendant as described herein constitute an invasion of the Plaintiff's privacy and an intrusion upon her right of seclusion.

17. Plaintiff has a common law right to, and a reasonable expectation of privacy, her home and place of employment, and in regard to her private affairs.

18. Defendant's abusive and improper collection practices in the collection of this debt constituted a substantial invasion upon Plaintiff's seclusion and privacy, and would be highly offensive to a reasonable person.

19. Defendant intended to cause emotional distress and/or engaged in reckless disregard of the probability of causing Plaintiff's emotional distress.

20. As a proximate result of Defendant's conduct, Plaintiff has suffered damages in an amount to be determined by proof and a finder of fact at trial.

21. Defendant acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

### VI.   THIRD CAUSE OF ACTION – TCPA

22. Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs.

23. At all times relevant to this complaint, the Plaintiff was a "person" as defined by the TCPA 47 U.S.C. § 153(32).

24. At all times relevant to this complaint, the Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

25. The Defendant at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA U.S.C. § 153(43).

26. The Defendant at all times relevant to the complaint herein engages in "interstate" communications by the TCPA U.S.C. § 153(22).

27. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

28. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200(f)(1).

29. Defendant violated the TCPA, 47 U.S.C. § 227(b)(1)(A), by using an automatic telephone dialing system to telephone Plaintiff's cellular phone in an attempt to collect an alleged debt.

30. Defendant frequently made calls to Plaintiff's cell phone using an automatic telephone dialing system (including an automated dialing machine, dialer and auto-dialer) and/or an artificial or prerecorded voice.

31. Defendant violated the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A), by using an automatic telephone dialing system to telephone a cellular phone, without Plaintiff's consent.

32. Defendant's violations were willful and knowing.

33. As a result of these violations of the TCPA, Defendant is liable to Plaintiff for statutory damages, including treble damages.

34. Defendant engaged in willful and knowing violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A).

35. Defendant's acts were willful, intentional and knowing.

36. Defendant acted with oppression, fraud, and/or malice, thereby entitled Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

37. Plaintiff is entitled to recover actual and punitive damages.

///

## VII. FOURTH CAUSE OF ACTION – NEGLIGENCE

38. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated therein.

39. Defendant's outrageous, abusive and intrusive acts as described herein constituted negligent infliction of emotional distress.

40. Plaintiff suffered (1) serious emotional distress, (2) actually and proximately caused by (3) wrongful conduct (4) by a defendant who should have foreseen that the conduct would cause such distress.

41. Defendant's conduct as described herein was wrongful conduct in that the Defendant conducted its business in an abusive, oppressive, and harassing manner.

42. Defendant's actions and omissions as described herein constitute negligence in that Defendant owed Plaintiff a duty of reasonable care in the collection of the alleged debt, and use of the telephone in an attempt to collect such debts, said duties were breached, and said breach was the proximate cause of damages suffered by Plaintiff.

43. Defendant owed a duty to refrain from outrageous and unlawful calls in connection with its attempt to collect a debt.

44. Defendant's actions and omissions demonstrate a conscious disregard of the rights or safety of others, and

constitute despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregards of her rights.

45. Plaintiff suffered damages due to Defendant's actions in an amount to be determined at trial.

46. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendant as described herein.

## VIII. FIFTH CAUSE OF ACTION – <u>NEGLIGENT TRAINING AND SUPERVISION</u>

47. Plaintiff incorporates by reference the above paragraphs as though fully stated herein below.

48. Defendant negligently trained and supervised its employees and agents as to the performance of their job duties and as a result of such negligent instruction and supervision, the employees/agents while carrying out their job duties caused injury and damage to Plaintiff.

49. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

50. Defendant acted with oppression, and/or malice, thereby entitled Plaintiff to punitive damages in an amount to be determined at trial. Defendant acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Statutory and actual damages pursuant to California Civil Code § 1788 et seq.;

B. Costs and reasonable attorney's fees pursuant to Civil Code § 1788 et seq.;

C. Actual and punitive damages;

D. Award statutory damages in the amount of $500.00 for each violation of the TCPA against All of the Defendants, and/or treble damages for each willful or knowing violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B).

E. For such other and further relief as may be just and proper.

DATED: May 21, 2015

Respectfully submitted,

DELTA LAW GROUP

BY: _____
JIM G. PRICE
Attorneys for Plaintiff
PAMELA PHILLIPS

///
///
///
///
///
///

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

DATED: May 21, 2015          DELTA LAW GROUP

BY: _____
JIM G. PRICE
Attorneys for Plaintiff
PAMELA PHILLIPS

**VERIFICATION**

I, PAMELA PHILLIPS, declare:

I am the Plaintiff in this action. I have read the foregoing document entitled: **VERIFIED COMPLAINT FOR DAMAGES** and know the contents thereof. The same is true of my own knowledge, except as to those matters stated therein on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 20th day of May, 2015, at Antioch, California.

_____
PAMELA PHILLIPS